May it please the Court, my name is Josh Howard and I am privileged to represent Kenneth Dodd in this appeal of a very narrow sentencing issue from the Eastern District of North Carolina. We would ask this Court to vacate and remand the sentence for resentencing without the  I would ask the Court to consider this argument with regard to three categories and those are proportionality, privatization, and practicality. If I could start with proportionality, I would like to explain this sentence in the context that there is a base crime and then there should be a spectrum for which a more aggravated version of that crime can be punished more harshly. That is because the Sentencing Commission in drafting this enhancement recognizes that there needs to be a difference on the sentencing spectrum between bribing the postman and bribing the postmaster general. And as applied to this case, it would be similar that in bribing a private contract prison guard, there should be some difference on the sentencing spectrum between doing that and bribing, for instance, the director of the Bureau of Prisons. I do understand the point and it makes some intuitive sense, but isn't part of the problem this 2004 guideline amendment which actually took out the word supervisory, which would now, if they had left the word supervisory in, you'd have a stronger case, I think, on that point. But when the Sentencing Commission takes supervisory out, doesn't that mean that it's heading in the direction of thinking that an ordinary law enforcement officer does hold a sensitive position even if it's not a sergeant or even if he or she is not a sergeant or a captain? Your Honor, that's certainly a point the government made at sentencing and we believe that is these people who are private contract prison guards are not law enforcement at all. And that is categorized really under my second argument, which is as to privatization. In your reply brief, it appears that, you concede, I think, that Bureau of Prison Officials would qualify. Correct, Your Honor. In fact, when this mess down at Rivers Correctional Institute needed cleaning up, they sent the But haven't we treated private security guards similarly in other circumstances because of the nature of their responsibilities? We have, Your Honor. In fact, the first thing I did when I took this Well, in the qualified immunity context, for example. Correct. They can pick up 1983 liability under tort law and they are also people that if you bribe them, that is a crime of bribing a government official. But it is not subject to this enhancement that speaks to high-level decision-making and sensitive position officials. I don't quite understand the distinction then. Because if they can be liable under the same theory to a bribery charge, then I'm not following why the enhancement wouldn't also be applicable. We argue, Your Honor, that if you can privatize this and outsource it to people that respond not to their oaths but to their shareholders, that it can't, but it can only be so sensitive. But we don't accept that distinction in most other categories. It would seem to me to be equally significant for 1983 purposes, for instance. Bribing these private contract guards is its own crime, to which Mr. Dodd readily admits. But bribing someone more high-ranking is where the proportionality argument comes in. And the distinction in your mind is that they don't take the oath, that they're not sworn? That's one of many distinctions and I think very important. If a person puts their hand on something sacred and swears to their creator to uphold the Constitution, that's very different than someone whose obligation is to their shareholders. What difference does it make in terms of the elements of the enhancement? Your Honor, the difference that comes, the way it speaks to the elements of the enhancement is through the text of the application notes. And it discusses examples, specific examples of kinds of people that should cause this enhancement to apply. And it gives jurors, law enforcement, and election officials. Those are examples, but those examples don't include your prison officers either. But in terms of a position characterized by authority to make decisions, etc., etc., how does their failure to take an oath inform our interpretation of that? Because those examples are all sworn officials. Jurors take an oath, law enforcement takes an oath, and election officials take an oath. There's no record of evidence that these private contract prison guards... Where does the enhancement speak of taking the oath? It does not, but the examples share that common thread. It says jurors, law enforcement, or election officials, or those similarly situated. That similar situation is a sworn person. What do you find problematic, then, about the Fifth Circuit's interpretation of the term public official in United States v. Thomas, where they said that a public official includes, among other things, an employee or person acting for or on behalf of the United States? What's wrong with that definition? Well, that certainly extends base liability for the underlying offense, but it does not bind this court to say that a mere private contract prison guard should be sentenced at the enhanced level. This is about the proportionality and the spectrum of the sentencing range where these people belong. If a private contract prison guard taking a bribe is at this level, then what happens to the director of the Bureau of Prisons, who's actually a federal employee, and they take a bribe? The consequences of undermining the private official's actions can be just as severe, surely you agree, than those of the public official. You're correct, Your Honor, and that can be dealt with in the discretion of the sentencing And the sentencing commission is trying to create a higher penalty for those who are vastly higher ranking. When they discuss in the text of the application a decision-making power and substantial influence, they're talking about agency-level decision-makers. And the prior precedent of this court in both Rebrook and Matzkin talks about vastly higher ranking people who did and should have received this enhancement. In Rebrook, we're talking about an attorney who worked for a commission with access to the commissioners and that power and that privileged information. In Matzkin, you're talking about a senior procurement official who had authority over millions of dollars in Navy contracts. And I guess in each one of those cases, it's an extreme level of trust. Well, we have an extreme level of trust. There's really no greater compelling service of government than public safety, arguably, public health and safety, and this extreme level of trust we're putting in people who are guarding these violent, many times, offenders, why isn't that equivalent? Even though I agree with you, it's not as broad in application, perhaps, as the public official who can affect a million people by taking a bribe. It's still an extreme level of trust we put in these people. Your Honor, that's why it's punished at the base level, but we think it is not the same level of trust that you vest in actual law enforcement, because they have one of the most constitutionally significant responsibilities that we can acknowledge, which is that they can take people from- But suppose, there's a tendency to sort of underestimate this, I think, because the contraband that was smuggled in were cigarettes and cell phones, and they're certainly not lethal in and of themselves, but suppose the contraband had been guns or explosives or poisons or or knives or what have you, I mean, you bribe someone to bring an explosive into the prison, that could be a very, very serious situation. And that's why I think the term sensitive position doesn't simply apply to innocuous items like cigarettes, but to things that could really turn the prison environment into a dangerous or more chaotic one, and so, you know, they do hold a sensitive position in that way. I just come back to the fact that you predicated your argument, and it's a good one, but you predicated it on the difference between high-level officials and ordinary officials, but jurors, for example, are not high-level officials. Your average juror probably isn't a high-level official, but they still occupy sensitive positions as far as this enhancement is concerned, and the law enforcement officers mentioned as one of the analogous situations may not be high-level law enforcement officers, but they're still sensitive. And don't you think, taken as a whole, Mr. Howard, that the guidelines can't be read just to cover really important people? Its focus is on a sensitive position, and sometimes lower-level people in a chain of sensitive positions, can't they? They might, Your Honor, but those are different in scope and nature than the positions these private contract prison guards have. A real law enforcement officer can take someone from liberty into custody. These guards merely shepherd people within custody. They're not law enforcement, they're rule enforcement. They carry out the rules and policies of their superiors, people who should be. But it's how they carry them out. They can either carry them out faithfully or they can subvert them. And that is the obligation of any run-of-the-mill bureaucrat, not one in a high-level or sensitive position. Well, we thank you, sir. Thank you, Your Honor. And you've also got some rebuttal time. Mr. Rogers? Good morning. May it please the Court. My name is Joshua Rogers, and I represent the United States. Defendant stands before this Court convicted of bribing a federal prison official under Section 201, and therefore the only question before the Court today is whether the official he bribed was in a sensitive position. And I bring that up because counsel refers to other law enforcement officers as real, legitimate law enforcement officers, and brings in this idea that contracting authorities aren't real. Well, if they weren't real, that just begs the question why he pleaded guilty. He did plead guilty to bribing a federal prison official. And Note 4B does give examples, including law enforcement officers, and we would argue that prison officials are law enforcement officers. There's a lot of overlap there. It's not as if there's some— Mr. Rogers, if I could just interrupt for just a moment, I don't think you can—I think the point that Mr. Howard was making quite legitimately is that you can't necessarily conflate the enhancement and the finding of guilt, that it requires slightly more for an individual to qualify for the enhancement. So I don't think that just—that simply—or if I'm wrong, please tell me—that simply saying Mr. Dodd pleaded guilty to bribing necessarily answers the inquiry, or do you think it does? No, we would agree that there could be a federal official that could be low-level that's not in a sensitive position, and the way we know is just by looking at the commentary because of the dearth of case law. And that was the point I was making, so I just don't—I just think it's probably not a good idea to just conflate them. I would agree with that. And I think also that Mr. Howard places a lot of emphasis on the fact that the list, the laundry list of people do take an oath. I take it you do not think that that is a determinative factor, or should be? We do not agree that it's a determinative factor at all. The guidelines don't point it out, and in fact, the guidelines would eviscerate that fact that it says, and any other similarly situated individual. I think it's a stretch to say that similarly situated means anyone who happens to have duties like this and has taken an oath. There's no case that says that, and I don't believe we're— I'm wondering how far the stretch is, for example, if you were to bribe an official to—in the Department of Agriculture—to give you or your friends additional food stamps, or you were to bribe a—someone, I mean, to let you into the—a museum official to let you into the front of the line at a very, very popular exhibit, and let's suppose this is a federal museum, and, I mean, the question is, how far does it go? I mean, the food stamp example and the—Senator, look, I want to get to the front of the line to see this magnificent Picasso exhibit at the National Gallery, and I'm afraid—I'm not going to—I'm going to miss my plane if I don't get in. Here's $40, here's $50, and you get to the front of the line. I mean, is that—does that person occupy a sensitive position in your judgment? No, Your Honor, because we have jurors who are entrusted with verdicts. We have law enforcement officers who are entrusted with enforcing the law, and we have election officials who are entrusted with the outcomes of elections. We would argue that in that case, someone's admission into a museum or ability to give someone food stamps that would give them extra food don't fall within the category of someone who's similarly situated there. We have looked at a— How about bribing someone who is a public servant in a public welfare organization for additional benefits or to accept a falsified application form? We would argue that in that case, it's probably—that person is probably not similarly situated to a juror, a law enforcement officer, or an election official, because when we look at what prison officials do, they safeguard the security of prisons by, for example, reporting violations of prison rules, maintaining order, confiscating contraband, and conducting investigations into potential criminal activity. These are a lot of activities that overlap with law enforcement. But even if someone is handing a public official 15 false applications for food stamps, and the official knows that it's—knows the applications to be false and handed in on a bulk basis, and there's a bribe of $500, you would say that's not a sensitive position? I would argue that it probably isn't because of the fact that it does not reflect the kind or an election official. And this case is made easier by the fact that, you know, we're arguing that prison officials are a type of law enforcement officer because of all the overlap. And— Would you bribe an IRS official not to audit you? Again, it's starting to move into the area of law enforcement because the IRS does, you know—it is in the area of enforcing the law, at least with our tax laws. So the closer we get towards being a similarly situated individual, the harder a question it's going to be and the more likely someone's going to be in a sensitive position. So it's a spectrum, isn't it? Yes, Your Honor. And, you know, we would also point out that, you know, sensitive position does mean a position characterized by the direct authority to make decisions on behalf of a government agency. The district court found that the prison guards occupied an important position and that they had the authority to, quote, guard in a prison setting, deal with inmates, discharge duties, promote respect, and maintain safety. So the district court relied on the Fifth Circuit, which is what it mostly had to rely upon at that point, and held that, quote, a prison guard has the authority and ability to directly and significantly influence inmates' lives and the entire facility's safety with the decisions he or she makes. Again, a reflection of the fact that they are acting on behalf of the Bureau of Prisons. Okay. Okay. I think we understand your argument. Well, if there are no further questions, I would ask that this court affirm the district court and I'll take my seat. Thank you, Your Honor. Thank you. Mr. Howard, you have some time for rebuttal, sir. Thank you, Your Honor. If I may address briefly the outer limits of this enhancement and your concern about what I call the practicality of this enhancement, that's defined by reference, the outer limits are defined by reference to application note 4A, which provides the definition that's relevant here. High-level decision-making or sensitive position means a position characterized by direct authority to make decisions for or on behalf of a government department, agency, or other government entity, or by substantial influence over the decision-making process. There is no record evidence in this case that these private contract prison guards had any similar authority to that. They had authority over the individual lives of individual inmates, and that's a crime. And he's pled guilty to that. But the extra enhancement requires much higher-level authority, agency-wide, departmental authority, that these private contractors do not have. They're not even federal employees. They can't possibly have it. And we suggest that affirming this enhancement would do violence to any concept of outer limit on this enhancement. And if the court has no further questions, we would simply ask that you vacate and remand this sentence for a re-sentencing without that enhancement. All right. We thank you, Mr. Howard, and I see that you are a court-appointed attorney, and you've really done a fine job with this case, and the court appreciates it. Thank you. We'd like to adjourn court and come down and greet counsel.
judges: J. Harvie Wilkinson III, Allyson K. Duncan, Barbara Milano Keenan